IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA ) 
 )
Plaintiff, )
 )
v. )            CASE No.:  2:03-cr-10115
 )
CARLOS  CARO *et al.*, )            (Hon. James P. Jones)
 )
 )
Defendant. )
 )

## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Carlos Caro, through counsel, respectfully moves this Court to vacate, set aside, or correct his sentence in the above captioned case pursuant to 28 U.S.C. § 2255 (hereinafter "2255 Motion").  This is Mr. Caro's first § 2255 motion challenging this conviction and sentence.  No appeal or collateral motions have been filed prior to this motion.

This motion is filed incidental to the filing of a § 2255 motion in the capital case of *United States v. Caro*, case no. 1:06-cr-00001 (W.D. Va.), Dkt. 780.[1]  The issue raised in this 2255 Motion is related to the capital case. The facts and law pertinent to this claim are set forth below.

### BACKGROUND INFORMATION AND PROCEDURAL HISTORY

On August 29, 2003, Ricardo Benavidez received multiple stab wounds at the federal United States Penitentiary in Lee, Virginia ("USP-Lee").  Seven inmates were implicated in the

_____

[1] Undersigned counsel represent Mr. Caro in a § 2255 motion in a capital case also pending before this Court.  Case No. 06-cr-00001-JPJ (W.D. Va.).  Counsel's appointment in that case became effective on January 9, 2012, the date that the Supreme Court denied Mr. Caro's  petition for writ of certiorari. *Id*., Dkt. 768.

1

stabbing and were indicted in this case.  Dkt. 1.    Two of the inmates, Mr. Caro and Juan Moreno-Marquez, were directly involved with the stabbing, while the other five defendants were similarly armed and standing nearby, but had been denied access to the recreation room where the assault occurred.  *See* Caro Presentence Report  ¶¶ 11-13.

On November 19, 2003, the government indicted all seven defendants, charging them with conspiracy to murder and possession of a weapon.  Mr. Caro and Mr. Moreno-Marquez also were charged with assault with the intent to commit murder.  Dkt. 1.

About one month after the indictment, on December 17, 2003, an inmate named Roberto Sandoval was found dead in the cell of Mr. Caro.  Mr. Caro made statements to the government, in which he confessed to killing Mr. Sandoval. *See* 1:06-cr-1 (W.D. Va.), Dkt. 780 at 10.  The government did not immediately prosecute Mr. Sandoval's murder.[2]

The parties proceeded towards a trial in this case.   The codefendants filed pretrial motions (dkts. 44, 48, 49, 50, 52, 65, 66) and motions *in limine* (dkts. 64, 67, 71, 72).   The government filed its notice of expert witness testimony.  Dkt. 77.   The five codefendants who were not charged with directly stabbing Mr. Benavidez then pled guilty to possession of weapons and received various sentences.   *See* Dkt. 146 (Tijerina Judgment-30 months); Dkt. 152 (Escamilla Judgment-30 months); Dkt. 153 (Garza Judgment-30 months);  Dkt. 154 (Enriquez Judgment-24 months); and Dkt. 159 (Altamirano-Lopez Judgment-30 months).

Mr. Caro and Mr. Moreno-Marquez continued to prepare for trial, and filed a motion for appointment of an expert witness and to take depositions of the government's expert witnesses.

---

[2] The government did not provide notice to the Court that it intended to prosecute and seek the death penalty against Mr. Caro for Mr. Sandoval's death until December 2004.  Case No. 2:05-mc-00001-JPJ, Dkt. 1.

Dkt. 91.  The Court set a trial date for August 3 and 4, 2004 (dkt. 107) and entered an order regarding the empanelment of the jury (dkt. 127).

The government then negotiated a deal that allowed Mr. Moreno-Marquez to plead to the lesser charge of possession of a weapon, but only if Mr. Caro pled to the more serious charge of conspiracy to murder.  Dkt. 135 at 2.

The plea deal was negotiated on Mr. Caro's behalf by his attorney, Louis Dene.  Dkt. 131.  Mr. Dene recognized that this plea agreement provided no real benefit to Mr. Caro, though it did benefit Mr. Moreno-Marquez. Ex. 3 (Dene Declaration) ¶ 5,[3]  (hereinafter "Dene Declaration"); *See also* Caro Presentence Report ¶ 63.  Mr. Caro's reason for signing this plea agreement was to help a younger man, Mr. Moreno-Marquez, leave the Bureau of Prisons ("BOP") while still relatively young.  Dene Declaration ¶ 5.  Mr. Dene advised Mr. Caro that if he pled guilty, he would likely receive a long sentence for the conspiracy to murder conviction. *Id.* ¶ 6.

This guilty plea was signed on June 29, 2004 (more than six months after the death of Roberto Sandoval).  Dkt. 131 at 7.   At that time, Mr. Dene was aware that Mr. Sandoval had been killed, and anticipated that the government would charge Mr. Caro for murder and seek the death penalty.  Dene Declaration ¶¶ 3, 4.  Mr. Dene, however, never advised Mr. Caro that the conspiracy to murder conviction and resulting sentence would likely be used against him in the later capital case and therefore he should not sign the plea agreement, but rather proceed to trial. *Id.* ¶ 6.

---

[3] The exhibits attached to this motion were also filed with the § 2255 motion in Mr. Caro's capital case, Case No. 06-cr-00001-JPJ (W.D. Va.).  To avoid confusion, the exhibits in this motion are numbered the same as they were in Mr. Caro's capital §2255 motion.

Mr. Dene knew that Mr. Caro was of limited education, had not completed high school, and had limited ability to understand legal proceedings without the benefit of counsel. *Id.* ¶ 7. Mr. Dene also knew, based on the considerable time he spent with Mr. Caro, that Mr. Caro liked and trusted him. *Id.* ¶ 8. For this reason, Mr. Dene is of the opinion that had he told Mr. Caro to go to trial, Mr. Caro would have followed his advice. *Id.* ¶ 8.

On November 1, 2004, Mr. Caro was sentenced on the conspiracy to murder charge and received the highest possible sentence under the guidelines—327 months custody consecutive to his prior federal sentence of 360 months imposed in case no. 4:00-cr-179 (N.D. Tex.). Dkt. 168 at 2. For Mr. Caro, this was the equivalent of a life sentence. On November 2, 2004, the Court sentenced codefendant Moreno-Marquez to 57 months incarceration. *Id.*, Dkt. 172.

The government notified this Court of its intent to prosecute Mr. Caro for the death of Mr. Sandoval and to seek the death penalty against Mr. Caro in December 2004, and in January 2005, the Court appointed counsel to represent Mr. Caro in pre-indictment proceedings. Case No. 2:05-mc-00001-JPJ, Dkts. 4, 6.

The Department of Justice certified the case for death, and the capital trial charging Mr. Caro with the death of Mr. Sandoval began in January 2007. Case No. 1:06-cr-00001. In the subsequent capital case, the government used not only the fact of Mr. Caro's conviction in this case, but also the length of Mr. Caro's sentence, as aggravating circumstances warranting a death sentence. The government argued that given the length of Mr. Caro's sentence in this case, he would receive no punishment in the capital case unless death was imposed. *See, e.g.,* Case No. 1:06-cr-00001, Tr. 2/13/2007 at 26-27 (arguing that another life sentence would be "like water off a duck's back" and that "he'd be getting a pass" for killing Roberto Sandoval); *id.* at 42

4

(arguing that Mr. Caro's prior sentence was the equivalent of a life sentence); *id.* at 89 (arguing that unless sentenced to death, Mr. Caro will return to prison as "a conquering hero").

That trial ended with a death verdict for Mr. Caro. The Fourth Circuit denied his appeal, and the Supreme Court denied his petition for certiorari.

### MR. CARO HAS BEEN DILIGENT IN HIS ATTEMPT TO DISCOVER THE FACTS UNDERLYING THIS MOTION

This petition is timely filed under 28 U.S.C. § 2255(f)(4), as the facts supporting this 2255 Motion were discovered within the last year.

Mr. Caro unknowingly entered into a guilty plea agreement for a conviction that the government would use against him as an aggravating circumstance in his capital prosecution. Despite entering the guilty plea in November 2004, Mr. Caro did not discover until March 2012 that his attorney, Mr. Dene, had anticipated that the government would use the conspiracy conviction against him during his capital proceedings. Mr. Caro acted diligently in filing this motion promptly after he was "in a position to realize that he ha[d] an interest in challenging the prior conviction with its potential to enhance the later sentence." *Johnson v. United States*, 544 U.S. 295, 308 (2005).

Undersigned counsel were appointed to represent Mr. Caro in his collateral proceedings related to his capital conviction effective January 9, 2012. Counsel was tasked with gathering, assembling, and reviewing over 100,000 pages related to this case. Counsel also began conducting their own investigation. This investigation included an interview with Lou Dene on March 9, 2012. During that interview, Mr. Dene stated that he knew, but had not advised Mr. Caro, that the government likely would use his conviction against him in a capital prosecution. Once counsel learned this information in March 2012, counsel continued to review the files, develop the factual basis for the claim, and investigate Mr. Caro's capital conviction. As soon as

practicable, and within days of filing his 2255 motion challenging his capital conviction, Mr. Caro's attorneys filed the instant motion.

**Claim: Trial Counsel Violated Mr. Caro's Sixth Amendment Rights By Failing to Advise Mr. Caro That He Should Not Plead Guilty to Conspiracy to Murder Because the Conviction and Sentence Would Be Used Against Him in a Later Capital Proceeding; This Failure Prejudiced Mr. Caro By Making More Likely the Imposition of a Death Sentence.**

The Supreme Court outlined the standard for determining when counsel has provided ineffective assistance in *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). As described by the Court, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relief on as having produced a just result." *Id.* at 686. Under *Strickland*, counsel is ineffective if: (1) "representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The inquiry under the first prong, deficiency, is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Performance is deficient when the attorney fails to render the performance of a reasonably competent attorney. *Id.* at 687.

### A.  Trial Counsel's Performance Was Deficient for Failing to Warn Mr. Caro of the Severe Consequences of the Guilty Plea and Conviction.

The enhanced risk of the death penalty was a collateral consequence that was so severe that defense counsel had a Sixth Amendment obligation to warn Mr. Caro in connection with his guilty plea. The Supreme Court has recognized the obligation to warn of serious collateral consequences beginning with its decision in *Hill v. Lockhart,* 474 U.S. 52, 58-60 (1985). Because death is the most serious of all collateral consequences, the failure to warn Mr. Caro of

6

the consequence of the plea agreement and sentence constituted ineffective assistance of counsel within the meaning of *Strickland v. Washington,* 466 U.S. 668 (1984).

As early as 1999, the American Bar Association stated that it was a standard of practice for guilty pleas that attorneys advise clients of the collateral consequences of guilty pleas.  Am. Bar Assoc., *ABA Standards for Criminal Justice:  Pleas of Guilty*, No. 14-3.2(f) (3rd ed. 1999). This standard for professional practice was further recognized by the Supreme Court in *Padilla v. Kentucky,* 130 S. Ct. 1473, 1482-83 (2010) (citing several professional standards from the 1980s and 1990s as a basis for its *Strickland* finding that defense counsel was ineffective in failing to warn of the deportation consequences of a guilty plea).

The *Hill* and *Padilla* cases and the ABA standards which preceded them have established that severe collateral consequences, such as parole ineligibility or additional incarceration, must be warned.  Moreover, subsequent federal cases have held that the *Padilla* holding was only a clarification of the *Strickland* duties, such that it applied to cases pre-dating *Padilla*.  *See, e.g., United States v. Orocio,* 645 F.3d 630, 641 (3rd Cir. 2011).

The Court can also consider the opinion of a standard of care expert when assessing the reasonableness of counsel's actions or inactions.  *See, e.g.*, *Gray v. Branker*, 529 F.3d 220, 235 (4th Cir. 2008) (noting that petitioner presented an "expert on the practice of criminal law").  Mr. Hammond, a standard of care expert who is familiar with Mr. Caro's case, is of the opinion that Mr. Dene's failure to advise Mr. Caro to reject this plea agreement due to the severe consequences of the agreement constituted performance far below acceptable professional standards for an attorney.  *See* Exhibit 4 (Declaration of Larry A. Hammond) ¶¶ 43-45.

7

**B.      The Failure to Warn Has Caused Mr. Caro Grave Prejudice, Including the Imposition of a Death Verdict.**

Prejudice is shown when there is a reasonable probability that, but for counsel's errors, a defendant would have gone to trial. *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985).  This holding from *Hill* is regularly followed by the Supreme Court, the Fourth Circuit and other federal courts generally.  *See, e.g., Missouri v. Frye*, 132 S. Ct. 1399, 1409-10 (2012) ("In cases where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'") (quoting *Hill,* 474 U.S. at 59); *United States v. Akinsade,* 686 F.3d 248, 253-54 (4th Cir. 2012) (applying *Hill* standard to defendant who received bad advice as to immigration consequences); *United States v. Mooney,* 497 F.3d 397, 404-05 (4th Cir. 2007) (applying *Hill* and finding prejudice where defendant pled guilty because counsel failed to advise him of a potentially successful affirmative defense); *United States v. Juarez,* 672 F.3d 381, 388-89 (5th Cir. 2012) (applying *Hill* and finding prejudice where bad immigration advice led to guilty plea); *Dando v. Yukins,* 461 F.3d 791, 800-02 (6th Cir. 2006) (applying *Hill* and finding prejudice where defendant did not receive advise as to an affirmative defense).

Mr. Dene has stated that he did not advise Mr. Caro to proceed to trial, and that if he had done so, Mr. Caro would have gone to trial.  Dene Declaration at ¶ 8.  Mr. Dene's declaration is a sufficient basis to establish prejudice under the *Hill* standard.

**C.      Conclusion.**

Mr. Dene's failure to properly advise Mr. Caro of the significant collateral consequence of his plea agreement constituted deficient performance and prejudiced Mr. Caro, and thus violates the standard of effective assistance of counsel set forth in *Strickland*.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Carlos Caro asks that this Court provide the following relief:

1.     That Defendant be permitted to file a Memorandum of Law in support of this motion in accordance with a briefing schedule established by this Court;

2.     Require Respondent to file an answer to the motion in the form prescribed by Section 2255 Rule 5, identifying all proceedings conducted in Defendant's case, including any which have not been recorded or transcribed, and specifically admitting or denying the factual allegations set forth above;

3.     Permit Defendant to file a reply to Respondent's answer, responding to any affirmative defenses raised by the answer;

4.     Permit Defendant to utilize the processes of discovery set forth in Federal Rules of Civil Procedure 26-37, to the extent necessary to fully develop and identify the facts supporting his motion, and any defenses thereto raised by Respondent's answer;

5.     Permit Defendant to amend this motion to include any additional claims or allegations not presently known to him or his counsel, which are identified or uncovered in the course of discovery, investigation, and litigation of this motion, and, to allow the amendment to relate back to the date of the filing of this motion;

6.     Conduct an evidentiary hearing to resolve any factual disputes raised by Respondent's answer to this motion, or by Defendant's response to any affirmative defenses raised by Respondent.  Because Defendant has alleged facts which, if true, entitle him to relief, he is also entitled to a full evidentiary hearing to establish the facts he alleges;

7.     Permit oral argument as appropriate and required;

9

8.      Vacate Defendant's conviction and sentence and order that appropriate retrial and/or sentencing hearings be conducted; and

9.      Grant such further and additional relief as may be just.

### CERTIFICATION

Pursuant to Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts, undersigned counsel declare under penalty of perjury that they are attorneys appointed by the United States District Court for the Western District of Virginia to represent Carlos David Caro in his capital proceedings in Case No. 1:06-cr-0001-JPJ pursuant to 28 U.S.C. § 2255.  As such, undersigned counsel are authorized to file this motion pursuant to 28 U.S.C. § 2255 on Mr. Caro's behalf.  This motion is signed by undersigned counsel under penalty of perjury.

Respectfully submitted this 11th day of January, 2013.

s/Dale A. Baich _____
Jon M. Sands
Federal Public Defender
Dale A. Baich (Ohio Bar No. 0025070)
Karen M. Wilkinson (Arizona Bar No. 014095)
Robin C. Konrad (Alabama Bar No. 2194-N76K)
Office of the Federal Public Defender, District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona  85007
dale_baich@fd.org
karen_wilkinson@fd.org
robin_konrad@fd.org
Telephone:  602-382-2816
Facsimile:  602-889-3960

Fay F. Spence, Esquire (Virginia State Bar No. 27906)
Federal Public Defender's Office
210 First Street, SW, Suite 400
Roanoke, Virginia 24011
fay_spence@fd.org
Telephone:  540-777-0880
Facsimile:  540-777-0890

10

Brian J. Beck (Virginia Bar No. 78049)
Federal Public Defender's Office
201 Abingdon Place
Abingdon, Virginia 24211
brian_beck@fd.org
Telephone:  276- 619-6080

Attorneys for Defendant
Carlos David Caro

## CERTIFICATE OF SERVICE

I hereby certify that on January 11th, 2013, I filed the foregoing Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 with the Clerk of the Court through CM/ECF, and also emailed a copy to the parties listed below:


Anthony Giorno, AUSA.
Email: anthony.giorno@usdoj.gov

Rick A. Mountcastle
Email: rick.mountcastle@usdoj.gov


s/Stephanie Bame_____
Legal Assistant
Capital Habeas Unit