**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**BIG STONE GAP DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | )   **Case No. 2:03CR10115** |
| | ) |
| **CARLOS CARO,** | ) |
| | ) |
| **Defendant.** | ) |

**MOTION TO DISMISS**

The United States of America, by counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves for the dismissal of this action because it is untimely, in that it is barred by the one-year limitation on such motions explicitly set forth in 28 U.S.C. § 2255(f). Defendant Carlos Caro's ("Caro") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 comes more than eight years and three months after final judgment and almost six years after Caro knew, or could have discovered through the exercise of due diligence, the facts supporting this belated claim.

**Undisputed Facts**

These facts are undisputed for purposes of this motion to dismiss. Caro and others were charged with conspiracy to murder and unlawful possession of a weapon arising from the stabbing of a fellow inmate at the United States Penitentiary-Lee County ("USP-Lee"). Defendant's § 2255 Motion, at pp. 1-2. Because only Caro and one co-defendant, Juan Moreno-Marquez, actually stabbed the victim, they were also charged with assault with intent to murder. Id., at p.2. The five co-defendants who did not actually stab the victim pleaded guilty to the unlawful weapon charge and the conspiracy to murder charge was dismissed against them. Id. Caro and Moreno-Marquez, through their respective counsel, then proposed and requested a joint

resolution whereby Caro would plead guilty to conspiracy to murder if the United States would agree to allow Moreno-Marquez to plead to the lesser unlawful weapon charge. Exhibit 3 to Defendant's Motion, Declaration of Louis Dene, Esquire ("Dene Declaration"), at ¶ 5. Although carefully wordsmithed, the Dene Declaration states that this joint resolution was originally proposed by Moreno-Marquez, and Caro instructed Dene to "work[] to obtain" the agreements. Id. Caro instructed Dene to work to obtain the linked plea agreements to help mitigate the sentence of a fellow Texas Syndicate gang member, even after Dene told him the agreement did not benefit him and he would receive a lengthy prison sentence as a result. Defendant's Motion, at p.3; Dene Declaration, at ¶¶ 5-6 . Not surprisingly, Caro received a lengthy 327-month prison sentence on November 1, 2004. Defendant's Motion, at p.4. On November 2, 2004, in accordance with Caro's instruction to Dene to "work[] to obtain" the linked pleas, Moreno-Marquez received a 57-month sentence as a result of his guilty plea to the unlawful weapon charge and the dismissal of the conspiracy to murder charge. Id.

While this case was pending, Caro had murdered a different inmate while confined to the USP-Lee Special Housing Unit. Id. In December 2004, after he and Moreno-Marquez were sentenced, the government notified Caro that it intended to seek the death penalty in his prosecution for the murder (the "capital case"). Id. The capital case was tried in January and February 2007, and during the trial Caro learned that the government was using his conspiracy to murder conviction and the 327-month sentence in this case as an aggravating circumstance to argue for the death penalty. Id. By February 13, 2007, Caro knew the impact of his conspiracy to murder guilty plea when the prosecution argued that his conviction and 327-month sentence in this case warranted the jury's imposition of the death penalty in the capital case. Id., at pp. 4-5.

**Standard of Review**

To survive a motion to dismiss under Federal Rule 12(b)(6), Caro must plead sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard requires Caro to demonstrate more than a "sheer possibility" that he is entitled to relief.  Id.  When ruling on a motion to dismiss, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff."  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).  Although required to accept as true all well-pleaded factual allegations, the court need not accept legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

**Discussion**

Caro's § 2255 motion, on its face, clearly establishes that he is not entitled to relief because his claim is time-barred.  28 U.S.C. § 2255 imposes a definitive one-year time limit on a defendant's right to collaterally attack a criminal conviction and sentence.  Generally, the limitation period is one year from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).  There is no dispute that Caro's § 2255 motion is well beyond that time limit, since his conviction became final on or about November 15, 2004, ten business days after entry of final judgment.  E.g., Yancy v. United States, Crim. No. 7:04CR00139, 2009 WL 1546288, at *2 (W.D.Va. Jun. 2, 2009) (citing Clay v. United States, 537 U.S. 522, 528 (2003)).

Caro tries to avoid this fatal flaw in his claim by invoking 28 U.S.C. § 2255(f)(4), which permits a claim to be made more than one year after final judgment under limited circumstances.

Caro submits that under § 2255(f)(4) the one year limitation for his claim did not begin to run until March 2012, the date his present counsel interviewed Dene.  Caro argues that this was the first time he learned that Dene "had anticipated that the government would use the conspiracy conviction against him during his capital proceedings," but had neglected to advise Caro of this possibility.  Defendant's Motion, at p.5.  Caro argues that he then "acted diligently in filing this motion promptly after he was 'in a position to realize that he ha[d] an interest in challenging the prior conviction with its potential to enhance the later sentence,'" and for that reason his claim was timely filed on January 11, 2013.  Caro is wrong because his argument is based on a selective and incorrect reading of § 2255(f)(4), and ignores the salient facts stated in his motion.

28 U.S.C. § 2255(f)(4) states:

The [one year] limitation period shall run from the latest of—

***

(4) the date on which the facts supporting the claim or claims presented *could have been discovered through the exercise of due diligence.*

(emphasis added).  Thus, the one-year limitation under § 2255(f)(4) does not begin, as Caro argues, on the date his current counsel interviewed Dene, but on the date that he could have discovered, through the exercise of due diligence, Dene's alleged neglect in failing to advise him that his plea and conviction in this case could be used as an aggravating circumstance in his capital case.

Determining due diligence requires "a fact specific inquiry unique to each case."  United States v. Crawley, Civil Action No. 3:07CR488, 2012 WL 32402, at *2 (E.D.Va. Jan. 5, 2012) (citing Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000)).  Caro has the burden of proving that he exercised due diligence.  Id. (citing DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006)).  He must show that he made reasonable efforts to discover the facts supporting his claim.

Id. (citations omitted).  In the context of this motion to dismiss, therefore, Caro must have made reasonable efforts to file this claim within one year after he learned the salient facts underlying it. However, he alleges no such facts, merely concluding that he "has been diligent in his attempt to discover the facts underlying this motion."  Defendant's Motion, at p.5.  The court should not accept this mere conclusory statement, but must look to the facts alleged in the § 2255 motion. Iqbal, 556 U.S. at 678.  Moreover, and contrary to Caro's conclusory assertion otherwise, the facts he actually alleges establish a five-year failure of due diligence on his part.

We assume for purposes of this motion that Caro could not have discovered facts supporting his § 2255 motion through due diligence within one year after judgment became final on November 15, 2004.  Under § 2255(f)(4), the inquiry is at what time could Caro have discovered, through due diligence, the facts supporting his claim that Dene failed to advise him that his guilty plea in this case could adversely affect his defense in the capital case.  As the Supreme Court put it, a petitioner must "take prompt action as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence."  Johnson v. United States, 544 U.S. 295, 297 (2005).  On its face, Caro's § 2255 motion unequivocally establishes that date as no later than February 13, 2007, the date he admits that he learned, during his capital murder trial in January and February 2007, that the prosecution was using his guilty plea and conviction in this case as an aggravating circumstance and a fact supporting the argument for imposition of the death penalty.  Defendant's Motion, at pp. 4-5 (citing to trial transcript of February 13, 2007 and quoting from the prosecution's argument in favor of the death penalty because of Caro's conviction and sentence in this case).  Thus, it is beyond dispute that at least by February 13, 2007, Caro knew that his attempted murder conviction and sentence in this case had the potential to enhance his sentence in the capital case.

It is also beyond argument that he knew at that time that Dene had neglected to tell him, when he pleaded guilty to conspiracy to murder, that the prosecution could use that conviction and sentence as an aggravating circumstance and a basis for arguing for the death penalty in his capital case. According to the facts alleged in his § 2255 motion, by February 13, 2007, Caro knew the salient facts underlying his claim, yet he did nothing between February 13, 2007 and January 9, 2012, when his current attorneys began representing him. Caro cannot seriously argue that five years of inactivity is due diligence. Caro's motion should have been filed by February 12, 2008. It is now barred and must be dismissed because it is nearly five years late.

## Conclusion

The Court should grant dismissal under Rule 12(b)(6) because the facts alleged by Caro in his § 2255 motion clearly show that he learned of the salient facts underlying the motion on February 13, 2007, at the very latest. Further, Caro failed to take any action, much less exercise due diligence, for nearly five years thereafter. This § 2255 motion should have been filed no later than February 12, 2008, and is, therefore, barred by 28 U.S.C. § 2255(f).

Accordingly, the United States respectfully requests that this Court:

(1)     Promptly dismiss this action under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted; and

(2)     Find that an evidentiary hearing is unnecessary because the motion and the files and records of the case conclusively show that Caro is entitled to no relief.

Respectfully submitted,

TIMOTHY J. HEAPHY
United States Attorney

Date:  February 6, 2013                    /s/ Rick A. Mountcastle
                                          Rick A. Mountcastle
                                          Assistant United States Attorney
                                          Virginia State Bar No. 19768
                                          P.O. Box 1709
                                          Roanoke, VA  24008-1709
                                          Tel: (540) 857-2254; Fax: (540) 857-2283
                                          Email: rick.mountcastle@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on February 6, 2013, I caused this Motion to Dismiss to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to counsel of record for the defendant.

                                          /s/ Rick A. Mountcastle
                                          Assistant United States Attorney