IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE No.: 2:03-cr-10115 |
| | ) | |
| CARLOS CARO, | ) | (Hon. James P. Jones) |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S OPPOSITION TO MOTION TO DISMISS

Carlos Caro, through counsel, hereby opposes the government's Motion to Dismiss (ECF No. 195) his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Contrary to the government's argument, Mr. Caro was diligent in pursuing this § 2255 Motion and it was therefore timely filed under § 2255(f)(4).[1]   Should the Court find that it was not timely filed, the filing deadline should be equitably tolled due to the ineffective assistance of Mr. Caro's prior counsel, as well as Mr. Caro's significant and long-standing brain impairment, under which his ability to perform tasks involving the management of information is "as low as the 1st percentile," and his overall reasoning ability is equivalent to that of a 10-year-old child.

---

[1] Section 2255(f)(4) establishes a one-year limitation period that runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

## I.       Factual Background.[2]

At the time this case was being prosecuted, Mr. Caro's cellmate was found dead in their cell, and Mr. Caro admitted killing him.  Mr. Caro's attorney, Louis Dene, anticipated that Mr. Caro would be prosecuted for the death of that inmate and that the government would seek the death penalty.  (Decl. of Louis Dene, 11/9/12, attached as Ex. 3 (hereinafter "Dene Decl.") ¶ 4).[3] Nevertheless, Mr. Dene did not advise Mr. Caro that signing the plea agreement offered in this case was essentially signing his death warrant in the anticipated capital case.  Mr. Dene did not advise him that a conviction in this case for attempted murder would be used against him in the capital case as an aggravator in support of a death sentence, and that for this reason, Mr. Caro should not plead guilty.  (*Id.* ¶ 6.)  The plea agreement did not provide Mr. Caro with a benefit, such as a reduced sentence, as he already was facing a long sentence and would spend the rest of his life in prison whether he was sentenced after a guilty plea or after trial.  Mr. Caro pled guilty and was sentenced on November 1, 2004, to 327 months. (ECF No. 168.)

On January 27, 2005, over two months later, the Court appointed Stephen Kalista and James Simmons to represent Mr. Caro in his capital case (hereinafter "capital counsel").  *See United States v. Caro*, No. 2:05-mc-00001-JPJ, Appt. Orders, 01/27/05, ECF Nos. 4, 6.  On January 11, 2006, the government filed its Notice of Intent to Seek Death, which stated the government's intent to use Mr. Caro's prior conviction from this case as an aggravating circumstance in the capital case.  *See United States v. Caro*, No. 1:06-cr-00001-JPJ, Notice,

---

[2] Because untimeliness of a § 2255 Motion is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), Mr. Caro did not—nor was he required to—provide detailed facts regarding the procedural circumstances of filing his motion.  He, therefore, does so here.

[3] Several exhibits attached to this response were also filed with the § 2255 motion filed in Mr. Caro's capital case, Case No. 1:06-cr-00001-JPJ (W.D. Va.).  To avoid confusion, the exhibits in this response are numbered the same as they were in Mr. Caro's capital § 2255 motion.

01/11/06, Doc. No. 8.   At that time, capital counsel were aware that the conviction in this case would be used against Mr. Caro in securing a death verdict.

While Mr. Kalista contacted Mr. Dene, he did not ask Mr. Dene about the reasons for Mr. Caro's guilty plea or Mr. Dene's advice to Mr. Caro.  (Dene Decl. ¶ 9.)  Moreover, despite knowing the conviction in this case would be used against their client at trial, capital counsel did nothing to challenge Mr. Caro's prior conviction.  (Declaration of Stephen Kalista, 12/31/12, attached as Ex. 5 (hereinafter "Kalista Decl.") ¶ 22.)  Mr. Caro's capital case went to trial, and— as the government had indicated—it relied upon Mr. Caro's conviction and sentence in the instant case during the penalty phase to support a death verdict. *See Caro*, 1:06-cr-00001, Tr. 2/13/2007 at 26-27 (arguing that another life sentence would be "like water off a duck's back" and that "[Caro would] be getting a pass" for killing Roberto Sandoval); *id.* at 42 (arguing that Mr. Caro's prior sentence was the equivalent of a life sentence); *id.* at 89 (arguing that unless sentenced to death, Mr. Caro will return to prison as "a conquering hero").   The jury returned a verdict for death, *see Caro*, No. 1:06-cr-00001-JPJ, Special Verdict Form, 2/13/07, Doc. No. 639, and Mr. Caro was sentenced to death, *id.*, Judgment, 03/30/07, Doc. No. 694.

This Court appointed undersigned counsel to represent Mr. Caro in collateral proceedings (hereinafter "2255 counsel"), effective on January 9, 2012, the date that the Supreme Court denied Mr. Caro's petition for certiorari.  (*See* ECF No. 768; *Caro v. United States*, No. 10-8356, 132 S. Ct. 996 (mem.) (Jan. 9, 2012).)   As part of that representation, Mr. Caro's 2255 counsel filed in this case a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on January 11, 2013 (hereinafter "2255 Motion").

In this 2255 Motion, Mr. Caro challenges his conviction on the ground that Mr. Dene was aware of a potential death sentence yet failed to advise him of the significant collateral

consequence of his guilty plea, and failed to advise him that rather than accept a plea, he should go to trial.

## II.    <u>This Motion is Timely and Mr. Caro Has Been Diligent.</u>

In its motion to dismiss, the government argues that the Court should dismiss the case on procedural grounds because Mr. Caro's motion is untimely.  (ECF No. 195 at 3.)  As the government notes, Mr. Caro's conviction and sentence in this case became final upon the conclusion of his direct review—the date upon his which his time to file an appeal expired: November 15, 2004.[4]  For purposes of its motion to dismiss, however, the government assumes that Mr. Caro could not have discovered the facts supporting this 2255 Motion within one year after his judgment became final.  (*Id.* at 5.)  Rather, the government contends that Mr. Caro discovered the facts relevant to his claim no later than February 13, 2007, the date the government at trial used his prior conviction to support its argument for death, and that this 2255 Motion should have been filed by February 12, 2008.  (*Id.* at 5-6.)  Mr. Caro, however, maintains that capital counsel should have been aware that Mr. Caro's prior conviction would be used against him as an aggravating circumstance as of January 11, 2006, when the government filed its Notice of Intent to Seek Death that discussed this case as an aggravating circumstance. *United States v. Caro*, No. 1:06-cr-00001-JPJ, Notice, 01/11/06, Doc. No. 8.

There is no need to resolve this difference in dates, though, as the government's reliance on the use of Mr. Caro's conviction in the capital case to support his death sentence is misplaced,

---

[4] The government uses November 15, 2004, as the date upon which Mr. Caro's conviction became final.  (ECF No. 195 at 3.)  This Court entered judgment in this case on November 1 (ECF No. 168), but judgment was not delivered to Mr. Caro until November 4, 2004 (ECF No. 176).  Mr. Caro had ten days after his conviction became final in which he had to file his notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A) (2002); *see also United States v. Hartwell*, 448 F.3d 707, 720 (4th Cir. 2006) (Williams, J., concurring in part) (noting that Rule 4(b)(1)(A), at the time, provided that defendant must file notice of appeal within 10 days of entry of judgment). Mr. Caro did not file a notice of appeal.

because this fact is not the relevant fact that triggers § 2255(f)(4). Rather, the relevant fact triggering § 2255(f)(4) is that Mr. Dene was, in fact, aware of the potential capital charges that his client faced, yet did not advise Mr. Caro not to plead guilty. As long as Mr. Caro was diligent in his discovery of that fact, he has satisfied §2254(f)(4).

The Fourth Circuit has not clearly defined "diligence" for purposes of 2255(f)(4).[5] As the Supreme Court recognized, "'due diligence' is an inexact measure of how much delay is too much." *Johnson v. United States*, 544 U.S. 295, 309 n.7 (2005). Diligence, for purposes of equitable tolling, has been described as only "reasonable diligence" and not "maximum feasible diligence." *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010). What is apparent, however, is that "the diligence inquiry is fact-specific and depends on the circumstances faced by the particular petitioner[.]" *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012); *see also* Govt's Mot. to Dismiss at 4 (ECF No. 195) (noting that diligence requires "a fact specific inquiry unique to each case") (citation omitted). There is no bright-line rule to determine what constitutes diligence. *Munchinski*, 694 F.3d at 331.

Under the circumstances in this case, Mr. Caro was diligent and could not have discovered the facts to support his 2255 Motion before March 2012. Capital counsel were derelict in their duty and never discovered the facts to support a collateral attack on this conviction and sentence. They never investigated the circumstances of Mr. Caro's obviously ill-advised plea. Thus, this 2255 Motion could not have been filed until 2255 counsel discovered in March 2012 that Mr. Dene was fully aware that his client was facing capital murder charges but

---

[5] Undersigned counsel found one Fourth Circuit opinion citing § 2255(f)(4). *See United States v. MacDonald*, 641 F.3d 596 (4th Cir. 2011). In that case, there was no discussion of diligence because the lower court had assumed that the petitioner was diligent. *Id.* at 610, n.7.

nevertheless failed to advise Mr. Caro to plead guilty to the charge that would be used as an aggravating circumstance in the capital case. *See* 28 U.S.C. § 2255(f)(4).

Once this Court appointed undersigned 2255 counsel on January 9, 2012, counsel conducted their investigation and discovered on March 9, 2012, that Mr. Dene had failed to advise Mr. Caro of the collateral consequence of his guilty plea and that he should take the case to trial. (Declaration of Susan Richardson, 2/20/13, attached as Ex. 62.) Mr. Caro, through 2255 counsel, was diligent in both uncovering the facts giving rise to this claim and filing this 2255 Motion within one year of discovering this information, as required under § 2255(f)(4).

This Court should not adopt the reasoning of the government—that Mr. Caro personally had all of the facts necessary to file this 2255 Motion as of February 13, 2007, and should have filed the motion within one year of that date. Mr. Caro suffers from brain impairment. As a result of this impairment, Mr. Caro cannot be faulted for failing to appreciate the existence of this 2255 Motion on February 13, 2007, when the government used his prior conviction to argue for death. Nor can he be faulted for failing to independently file this 2255 Motion pro se within the following year.

Mr. Caro was examined in 2006 by a neuropsychologist, Malcolm Spica, Ph.D. The results of Dr. Spica's neuropsychological examination revealed that Mr. Caro suffered from cerebral frontal lobe dysfunction. He was unable "to sort through information provided to him" and had the reasoning ability of a 10-year-old. (Report of Malcolm Spica, attached as Ex. 10 (hereinafter "Spica Rpt.") at 7.) His general cognitive functioning ranged in 5th percentile, indicating that he functioned "below 95% of the general population for overall cognitive/adaptive functioning." (Spica Rpt. at 3.) Test results also show that Mr. Caro "performed as low as the 1st percentile on tasks requiring: management of information,

maintaining cognitive set, [and] concept formation.  (Spica Rpt at 6.)  Considering Mr. Caro's failure to thrive as an infant, his developmental milestone difficulties, and his lack of major head injuries, Dr. Spica concluded that Mr. Caro's frontal lobe dysfunction was likely "life-long in nature."  (Spica Rpt at 7.)

Mr. Caro's school records also reveal a child who struggled academically, and support Dr. Spica's conclusion that Mr. Caro's impairment has been "life-long in nature."  Beginning with his first semester in kindergarten, Mr. Caro received a "non-satisfactory" in language.  The rest of Mr. Caro's school records reveal that as he advanced in grades, the gap between his learning and that of his fellow students grew.  He was placed in Special Education classes in the sixth grade.  When Mr. Caro took national educational tests in eighth grade, his reading was in the 5th percentile; he scored only slightly higher—in the 7th percentile—on the total test battery (indicating that 95% of students taking this test scored better in reading than he did and that 93% of the students received higher total test scores).  Mr. Caro dropped out of school without completing the tenth grade.  (Carlos Caro's Academic Records, attached as Exhibit 61.)

Mr. Caro was evaluated more recently in January 2013 by a psychiatrist, Donna Schwartz-Watts, M.D.   Dr. Schwartz-Watts found that Mr. Caro suffers from cognitive dysfunction consistent with Dr. Spica's test results.  (Declaration of Donna Schwartz-Watts, 1/6/13, attached as Ex. 8, (hereinafter "Schwartz-Watts Decl.") ¶ 17.)  She noted that Mr. Caro "continues to demonstrate difficulties with frontal lobe functioning."  (*Id.* ¶ 34.)

Mr. Caro's cognitive limitations are circumstances that were and are beyond his control. The evidence indicates that Mr. Caro's brain impairment has existed since the time he was born. Two mental-health professionals, a neuropsychologist and psychiatrist, have diagnosed Mr. Caro

with significant brain impairment.  His school records demonstrate that he struggled in school, only to falter and eventually drop out.  Mr. Caro has the reasoning ability of a 10-year-old child.

Due to his brain impairment, Mr. Caro cannot anticipate or conceptualize legal arguments or prepare legal documents.  The courts would not expect a 10-year-old child to have the capacity to file a § 2255 motion, nor is it reasonable to expect Mr. Caro to have that ability. Indeed, Mr. Dene avowed that Mr. Caro "had no ability to understand legal proceedings without the benefit of counsel."  (*See* Dene Decl. ¶ 7.) Mr. Caro's failure to do things of which he is not capable cannot, under any common sense or legal analysis, constitute lack of diligence. Mr. Caro has been continuously represented by counsel, beginning with his capital counsel, followed immediately by his appellate counsel and ultimately 2255 counsel. By consistently and repeatedly cooperating with and reasonably relying on counsel, some of whom unfortunately failed him, Mr. Caro exhibited diligence in pursuing this case.  *Cf. Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010) (establishing a test for when mental impairment can constitute equitable tolling and noting that "the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances").

### III.    In the Alternative, Equitable Tolling Principles Warrant the Court's Consideration of the Merits of this 2255 Motion.

If the Court finds that Mr. Caro filed this 2255 Motion outside the statutory limitations period, equitable principles cry out for a consideration of the merits of this claim.  As repeatedly recognized by the Supreme Court, the "right to the effective assistance of counsel at trial is a bedrock principle in our justice system."  *Martinez v. Ryan*, 132 S. Ct. 1309, 1317 (2012). Without effective trial counsel, our adversarial system of justice fails.  In *Martinez*, the Court carved out an exception to a procedural default rule in recognition of the critical need to have at

least one court consider the merits of a claim of ineffective trial counsel.  The same considerations apply here; at least one court should review Mr. Caro's claim of ineffective assistance by trial counsel.  In fact, the need for equitable relief is especially strong in this case of ineffective assistance of trial counsel, as Mr. Caro also suffers from significant brain impairments.

The one-year filing period set forth in § 2255 is subject to equitable tolling.  *Holland v. Florida*, 130 S. Ct. 2549 (2010) (holding that AEDPA's statute of limitations is not jurisdictional and that § 2244(d) is subject to equitable tolling in the appropriate case); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).  This Court's equitable powers allow it to relieve unjust hardships that can arise from a "hard and fast adherence to more absolute legal rules."  *Holland*, 130 S. Ct. at 2563.  As the Supreme Court reiterated in *Holland*, "the exercise of a court's equity powers must be made on a case-by-case basis." *Holland*, 130 S. Ct. at 2563 (internal quotation marks and alterations omitted).  "The flexibility inherent in equitable procedure enables courts to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices." *Id.* (internal quotation marks omitted; alterations in original).  While noting that courts exercise their equitable power in light of prior cases, the Supreme Court recognized that there will be unforeseeable circumstances that "warrant special treatment in an appropriate case." *Id.*   If this Court finds that Mr. Caro is untimely in filing his 2255 Motion, then equitable tolling is appropriate, as the circumstances here warrant special treatment.

To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland,* 130 S. Ct. at 2562-63.  As discussed above, Mr. Caro has been diligent to the best of his abilities.  Mr. Caro further asserts that two extraordinary circumstances have

prevented him from filing this 2255 Motion at an earlier date:  his significant brain impairment, and his capital counsel's failure to pursue this motion.

A mental condition can constitute extraordinary circumstances that warrant equitable tolling.  *Sosa*, 364 F.3d at 513; *see also Riva, II v. Ficco*, 615 F.3d 35, 39-40 (1st Cir. 2010) (mental illness can warrant equitable tolling in a habeas case); *Bolarinwa v. Williams*, 593 F.3d 226, 231-32 (2d Cir. 2010) (same).  Mr. Caro has presented specific facts supporting his allegation of long-standing brain impairment that prevented him from timely filing.  As discussed above, he has the reasoning ability of a 10-year-old child and should not be held to the same standard as other prisoners without mental limitations.

In another circuit, the court has had the opportunity to create a test for considering whether mental impairment is sufficient to justify equitable tolling.  *See Bills*, 628 F.3d at 1099-1101.  In that case, the court ordered the district court to consider four factors in determining whether the petitioner was entitled to equitable tolling:  "the district court must:  (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements."  *Id.* at 1100-01.  Here, Mr. Caro has made a non-frivolous showing that he has a severe mental impairment—brain damage— which prevented him from timely filing his 2255 Motion.  This Court should order a hearing and determine whether Mr. Caro has shown that his impairment prevented him from timely filing and whether he was otherwise diligent.

Counsel's misconduct and bad advice also can constitute extraordinary circumstances that warrant equitable relief. *See, e.g., Holland*, 130 S. Ct. at 2563-2564 (holding that professional misconduct may create an extraordinary circumstance that warrants equitable tolling); *Robertson v. Simpson*, 624 F.3d 781, 784-85 (6th Cir. 2010) (holding that attorney's "misadvice" due to cocaine use may constitute extraordinary circumstances).

Here, it was obvious to capital counsel no later than January 11, 2006, that Mr. Caro's prior conviction would be used to support the death penalty. It also would have been obvious to any attorney that Mr. Caro's guilty plea had been and would continue to be extremely detrimental to him. With a capital case on the horizon, no competent attorney would ever have advised their client to enter a guilty plea for his or her only crime of violence, much less to a charge of conspiracy to murder. (*See* Declaration of Larry A. Hammond, attached as Ex. 4 (hereinafter "Hammond Decl."), ¶¶ 43-45.) Capital counsel's failure to adequately investigate possible challenges to this extremely ill-conceived plea agreement is astounding.

Capital counsel's failure to investigate and collaterally challenge this guilty plea and associated conviction is an extraordinary circumstance that prevented timely filing. Counsel had a duty to investigate aggravating evidence, including fully interviewing Mr. Dene. *See Rompilla v. Beard*, 545 U.S. 374, 383-86 (2005); ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, No. 10.7.B.1 (2003) ("ABA Guideline No. 10.7.B.1"). Capital counsel also had an obligation to move to set aside the conviction pursuant to § 2255 as invalid due to Mr. Dene's ineffectiveness. ABA Guideline No. 10.7.B.1 cmt (Counsel must "investigate prior convictions . . . that could be used as aggravating circumstances . . . . If a prior conviction is legally flawed, counsel should seek to have it set aside."); *see also* Hammond Decl., ¶¶ 44-45. Had capital counsel effectively investigated the circumstances

surrounding Mr. Caro's prior conviction and obviously ill-advised plea agreement, they would have discovered the basis for this 2255 Motion and could have timely filed it.

Capital counsel have admitted that they had no strategic reason for their failure to challenge Mr. Caro's prior conviction.  (*See* Kalsita Decl. ¶ 22.)   Their failure to do so rises above simple negligence, and constitutes extraordinary circumstances that prevented Mr. Caro, who reasonably relied on his attorneys, from filing on time.

Equitable tolling is appropriate in the instant case, where Mr. Caro's brain impairment, coupled with his counsel's pure disregard in pursuing this meritorious motion, resulted in the untimely filing of his 2255 Motion.  In the past several years, the Supreme Court has changed the legal landscape and no longer automatically imputes counsel's actions to prisoners for purposes of determining whether a death-sentenced prisoner diligently pursued or timely filed a legal claim.  *See, e.g.*, *Holland*, 130 S. Ct. at 2563 (reversing as "too rigid" of a standard the Eleventh Circuit's holding that grossly negligent attorney conduct can never warrant equitable tolling); *Maples v. Thomas*, 132 S. Ct. 912, 924 (2012) (holding for the first time that a client cannot be held responsible for attorney's actions where attorney abandoned him); *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (holding for the first time that post-conviction counsel's actions can constitute cause to overcome a prisoner's failure to raise a claim).  In light of these recent changes, this Court can and should find the specific facts in this case sufficient to allow Mr. Caro to litigate his 2255 Motion.

## IV.    The Court Should Consider the Merits of this 2255 Motion at the Same Time as Mr. Caro's 2255 Motion filed in Case No. 1:06CR00001-JPJ (W.D. Va.).

The factual issues relevant to Respondent's Motion to Dismiss and this response, such as Mr. Caro's mental impairments and trial counsel's egregious failures, also are raised in Mr. Caro's § 2255 motion filed in his capital case.  While the government has not yet filed its answer

in the capital case, Mr. Caro anticipates that the government will dispute these facts and resolution of these issues will require an evidentiary hearing. Mr. Caro also is entitled to a hearing in the instant case to determine whether he has satisfied the diligence requirement of §2255(f)(4) or can establish facts warranting equitable tolling. Mr. Caro anticipates providing additional briefing in his reply on these issues in his capital case and believes such briefing will inform the decisions required in this case. For this reason, simultaneous resolution of the 2255 motions filed in both of these cases, including this motion to dismiss, will promote judicial economy. Moreover, a slight delay in this case to accommodate simultaneous resolution of both cases will not prejudice either party.

## CONCLUSION

Mr. Caro respectfully asks the Court to deny the motion to dismiss for the reasons discussed above and consider the merits of Mr. Caro's claim of ineffective assistance of trial counsel. In the alternative, he asks the Court to conduct an evidentiary hearing on the factual issues presented in this response.

Respectfully submitted this 20th day of February, 2013.

s/Karen M. Wilkinson_____
Jon M. Sands
Federal Public Defender
Dale A. Baich (Ohio Bar No. 0025070)
Karen M. Wilkinson (Arizona Bar No. 014095)
Robin C. Konrad (Alabama Bar No. 2194-N76K)
Office of the Federal Public Defender, District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
dale_baich@fd.org
karen_wilkinson@fd.org
robin_konrad@fd.org
Telephone: 602-382-2816
Facsimile: 602-889-3960

Fay F. Spence (Virginia State Bar No. 27906)
Federal Public Defender's Office
210 First Street, SW, Suite 400
Roanoke, Virginia 24011
fay_spence@fd.org
Telephone:  540-777-0880
Facsimile:  540-777-0890

Brian J. Beck (Virginia Bar No. 78049)
Federal Public Defender's Office
201 Abingdon Place
Abingdon, Virginia 24211
brian_beck@fd.org
Telephone:  276-619-6080

Attorneys for Defendant
Carlos David Caro

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2013, I filed the foregoing Defendant's Response to Motion to Dismiss with the Clerk of the Court through CM/ECF.

s/Stephanie Bame_____
Legal Assistant
Capital Habeas Unit

14