IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

UNITED STATES OF AMERICA,        )
                                       )

v.                                   )        Case No. 2:03CR10115
                                       )

CARLOS CARO,                 )
                                       )

        Defendant.         )

**REPLY TO DEFENDANT'S OPPOSITION
TO MOTION TO DISMISS**

The United States of America, by counsel, replies to Defendant's opposition to its motion to dismiss.  This action must be dismissed as untimely because (1) Caro failed to raise his claim within one year of the date that "the facts supporting the claim . . . **could have been discovered** through the exercise of due diligence," 28 U.S.C. § 2255(f)(4) (emphasis added); and (2) Caro failed to establish an extraordinary circumstance that prevented him from filing a timely petition.

### A.  Caro Does Not Dispute That He Failed to Take Any Action For More Than Five Years After the Facts Supporting His Claim Could Have Been Discovered

Caro's opposition to this motion does not dispute that he failed to take any action for more than five years after the facts supporting his claim could have been discovered.[1]  It is undisputed that by February 13, 2007, Caro had personal knowledge of the Government's use of his guilty plea in the death penalty case and Dene's failure to advise him of that likelihood.  Caro incorrectly argues that his obligation to exercise diligence was not triggered until he actually confirmed that Dene had also anticipated the Government's use of the guilty plea in the capital case.  As this Court has previously held, the operative question is whether Caro could have

---

[1] Although Caro suggests that he actually could have discovered the salient facts even earlier, when the United States filed its Notice of Intent to Seek Death on January 11, 2006, there is no dispute that Caro learned firsthand, on February 13, 2007, of the Government's use of his guilty plea in the penalty phase of his death penalty trial.

discovered this fact had he exercised due diligence.  Yancy v. United States, Criminal No. 7:04CR00139, 2009 WL 1546288 *2 (W.D.Va. Jun. 2, 2009).

Caro argues that his inaction for more than five years should be excused because Dene and his capital case lawyers were ineffective.  This argument fails because by August 2007, Dene and the capital case lawyers no longer represented Caro.  The public record[2] shows that on August 10, 2007, just six months after Caro learned the salient facts underlying this action, lawyers from the Federal Public Defender, the same agency that represents him in this action, moved for appointment and substitution as Caro's counsel in the direct appeal of his death penalty case to the Fourth Circuit Court of Appeals.  United States v. Caro, Appeal No. 07-5, Dkt. No. 27, Motion for Appointment and Substitution of Counsel.  The Fourth Circuit granted the motion, and on August 22, 2007, the Federal Public Defender began representing Caro in various legal proceedings related to this case and the death penalty case.  Id., Dkt. No. 31, Order granting Motion for Substitution of Counsel.  That representation has been continuous to the present.  Deft's Opposition, at 8.

Thus, Caro had ample opportunity after February 13, 2007, to learn of Dene's expectation that his guilty plea would be used in the death penalty case simply by asking Dene or asking his capital case counsel to ask Dene.  Moreover, after August 22, 2007, Caro, freed from the hindrance of ineffective counsel, could have asked the Federal Public Defender to inquire about Dene's expectation.  Indeed, the public record makes it clear that between August 22, 2007 and March 17, 2010, Caro and the Federal Public Defender studied and discussed all issues related to his death sentence, including the aggravating factors and the prosecution's argument, because the

---

[2] This Court may take judicial notice of matters of public record for purposes of a motion to dismiss. Sec'y of State for Defense v. Trimble Navigation, Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Hall v. Virginia, 385 F.3d 421, 424 (4th Cir. 2004) (In reviewing the dismissal of a complaint, the court "may properly take judicial notice of matters of public record.")).

Federal Public Defender extensively briefed and argued sentencing issues in Caro's appeal to the Fourth Circuit. United States v. Caro, 597 F.3d 608, 624-27 (4th Cir. 2010) (in its March 17, 2010 decision, the court analyzed Caro's challenge to the death sentence, including his claim that the Government's argument was improper). Caro and his counsel did nothing between August 22, 2007 and March 9, 2012, despite knowing that the guilty plea in this case was an issue in the death penalty sentencing, despite knowing that Dene had failed to advise Caro of that likelihood, and despite extensively reviewing the record, briefing, and arguing death penalty sentencing issues during the direct appeal. Inaction under these circumstances is certainly not due diligence and Caro's argument to the contrary is spurious.

**B.   Caro's Alleged Brain Impairment Is Not an Extraordinary Circumstance that Prevented Him From Filing a Timely Petition**

Apparently recognizing the speculative nature of his due diligence argument, Caro seeks to salvage this extraordinarily dilatory petition by arguing for equitable tolling because he has a "significant brain impairment." Defendant's Opposition, at 10. This argument is specious. In general, "the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004). It is clear that equitable tolling is an extraordinary remedy, available only in "those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Alleging even a serious mental illness is not sufficient "unless petitioner also demonstrates how [this] condition constituted an extraordinary circumstance that prevented him from filing a timely petition." Sosa, 364 F.3d at 512-13. In Sosa, the Fourth Circuit cited to Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998), which found equitable

tolling based on mental condition to be appropriate "only in exceptional circumstances such as institutionalization or adjudged mental incompetence." Thus, equitable tolling is appropriate only if Caro can show that he suffered from a mental incapacity so severe that institutionalization or judicial finding of mental incompetency was warranted, and that this mental incapacity prevented him from filing a timely petition. Sosa, 364 F.3d at 513. Caro's equitable tolling argument falls far short of this standard.

Caro relies exclusively on Malcom Spica's 2006 report of neuropsychological examination and Donna Schwartz-Watts' January 2013 report for his mental incapacity claim. Both reports fail to establish the required mental impairment. Spica, who assessed "Caro's neurobehavioral status," test[ed] him in a variety of reading and math comprehension skills, and found that these tests "revealed converging signs of frontal lobe dysfunction, opined that Caro "likely has difficulty between actual facts and information that is close but distorted . . . His problems with maintaining cognitive set limit his ability to learn from his mistakes . . . [and his] difficulty with concept formation . . . results in poor understanding of cause-and-effect relationships." Deft's Ex. 10, Doc. 196-1, at p. 52 of 72. Spica also reported that Caro "demonstrated verbal expressive abilities within normal limits," speculated that the cognitive defects causing the greatest maladjustment in Caro's daily life were "instability of reasoning . . . [and] deficits in discriminating between actual information and distorted approximations," stated that his test scores revealed his reasoning ability at the level of a 10-year old," and rendered a diagnostic impression of "Cognitive Disorder-NOS." Id., at p. 58 of 72. But, Spica never diagnosed Caro with any serious mental disorder, never suggested that Caro suffered a mental impairment requiring institutionalization or a determination of incompetence, and never opined

that Caro had such a profound mental impairment that he was incapable of timely pursuing a legal claim while represented and assisted by the Federal Public Defender.

Schwartz-Watts' report is similarly deficient.  She diagnosed anxiety disorder NOS (PTSD), cognitive disorder NOS, and adult antisocial behavior, but opined that he should be administered a more complete neuropsychological examination and additional testing.  Deft's Ex. 8, Doc. No. 196-1, at p. 38 of 72.  Her diagnoses were based on Caro's dysfunctional childhood, his "problems with verbal fluency, short term memory, long term memory and reproducing a visuospatial design," and the same frontal lobe dysfunction discussed by Spica. Id., at pp. 42-43 of 72.  It is clear that Schwartz-Watts, like Spica, noted mental conditions that were the focus of clinical attention, but "not indicative of mental illness."  Id., at p. 44 of 72. Schwartz-Watts concluded that as a result of his "brain impairment and anxiety disorder . . . [Caro] tends to become more increasing anxious and unable to use all of the cognitive strategies available to him . . . What this means is that when [he] becomes anxious, he is more likely to exercise poor judgment."  Id., p. 45 of 72.  But, like Spica, Schwartz-Watts never diagnosed Caro with any serious mental disorder, never suggested that Caro suffered a mental impairment requiring institutionalization or a determination of incompetence, and never opined that Caro had such a profound mental impairment that he was incapable of timely pursuing a legal claim while represented and assisted by the Federal Public Defender.

At best, these neuropsychological examinations reveal social and intellectual deficits, but do not come close to establishing the kind of profound mental impairment, requiring institutionalization or an incompetency determination, that would be an extraordinary circumstance supporting equitable tolling.

Moreover, Caro's own conduct, both in this action and in other matters of public record, clearly support the absence of a profound mental impairment.  Caro does not dispute that he directed Dene to "work[] to obtain" his plea agreement to leverage a more favorable disposition for his co-defendant and fellow Texas Syndicate gang member, Moreno-Marquez, even after Dene told him the agreement did not benefit him and he would receive a lengthy prison sentence as a result.  Defendant's Motion, at p.3; Dene Declaration, at ¶¶ 5-6 .  Caro demonstrated knowledge of the legal system and had the mental acumen to direct his attorney to strike a sophisticated bargain linking together the plea agreements of two co-defendants to achieve a desired purpose, clearly contradicting any suggestion of a profound mental impairment paralyzing his ability to timely pursue legal claims.

Not only does Caro not have a profound mental impairment justifying equitable tolling, but he failed to establish that his neuropsychological condition prevented him from timely filing this petition, particularly when he "has been continuously represented by counsel."  Deft's Opposition, at 8.

### C. The Alleged Ineffective Assistance in Caro's Capital Murder Case is Not an Extraordinary Circumstance Preventing a Timely Petition in this Case

Caro's argument that the incompetency of his capital case counsel constitutes an extraordinary circumstance warranting equitable tolling is equally without merit.  As noted above, the allegedly ineffective capital case counsel stopped representing him in August 2007, when the Federal Public Defender took over as his counsel.  Accordingly, after August 22, 2007, Caro was no longer hindered in pursuing this petition by his capital case counsel's ineffectiveness.  Since Caro makes no ineffective assistance claim against the Federal Public Defender who represented him in his direct appeal from August 22, 2007 through at least March17, 2010, Caro's equitable tolling claim based in ineffective counsel must fail.

## Conclusion

Caro filed this petition far beyond the time limitation mandated by 28 U.S.C. § 2255(f) because it was filed more than eight years after final judgment and more than five years after Caro learned the salient facts underlying his claim. Caro failed to take any action to timely pursue this claim despite being continuously represented by counsel, including attorneys employed by the same agency that is representing him in this matter. Equitable tolling is not appropriate because there is no evidence that Caro suffered the type of profound mental impairment that would be an extraordinary circumstance and there is no evidence that his diagnosed social disorders prevented him from timely filing this petition, especially since he has been continuously represented by counsel. Finally, the ineffectiveness of his capital case counsel is not a basis for equitable tolling because the Federal Public Defender replaced the allegedly incompetent capital case attorneys in August 2007 and have continuously represented Caro since.

Caro's petition is clearly late and fails to "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Accordingly, the United States respectfully requests that this Court:

(1)     Promptly dismiss this action under Federal Rule of Civil Procedure 12(b)(6); and

(2)     Find that an evidentiary hearing is unnecessary because the motion and the files and records of the case conclusively show that Caro is entitled to no relief.

Respectfully submitted,

TIMOTHY J. HEAPHY
United States Attorney

Date:  March 5, 2013                                  /s/ Rick A. Mountcastle
                                                     Rick A. Mountcastle
                                                     Assistant United States Attorney
                                                     Virginia State Bar No. 19768
                                                     P.O. Box 1709
                                                     Roanoke, VA  24008-1709
                                                     Tel: (540) 857-2254; Fax: (540) 857-2283
                                                     Email: rick.mountcastle@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on March 5, 2013, I caused this Reply to Defendant's Opposition to Motion to Dismiss to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to counsel of record.

/s/ Rick A. Mountcastle
Assistant United States Attorney