**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>CARLOS DAVID CARO,<br><br>Defendant. | No. 2:03-cr-10115-JPJ<br><br>Reply to Response to Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure Rule 59(e) |

Defendant Carlos David Caro, through counsel, files his reply to the Government's response to Mr. Caro's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure Rule 59(e) (ECF No. 209). The Government's fact-specific response further demonstrates that this case was improperly dismissed on the pleadings. For the reasons stated in his motion and in this reply, Mr. Caro respectfully requests that the Court alter or amend its judgment.

## I.   The Court clearly erred in its application of *Padilla*.

The Court erred by misinterpreting the rationality requirement in *Padilla v. Kentucky*, 559 U.S. 356 (2010). (*See* ECF No. 205 at 4-5.) The Government attempts to explain why it would not have been rational for Mr. Caro to reject the plea agreement. (ECF No. 209 at 11-12.) This argument, like most of the Government's response, is fact specific and is inappropriate to support a dismissal on the pleadings. The Government claims that Dene's opinion—which was not rebutted and must be taken as true for purposes of the dismissal—that Mr. Caro would have gone to trial if Dene advised him to do so is "inconsistent" with Dene working to reach a plea agreement. (ECF No. 209 at 12.) In other words, the

Government suggests that because Mr. Caro was interested in a plea agreement, then he would not have opted to go to trial. Mr. Caro, however, could have certainly made a different choice had he been fully advised of the consequences he would likely be facing if he had a conviction for conspiracy to commit murder.  On this record, it is undisputed that had he been advised to go to trial, then he would have done so.  The Court's analysis under *Padilla*'s "rational basis" test was clearly erroneous.[1]

The Government also suggests that because Dene advised Mr. Caro that the plea agreement would not benefit Mr. Caro, then Dene was not ineffective in failing to inform his client that it could actually cause *harm* by supporting a death sentence.  (ECF No. 209 at 8.)  The distinction that the Government attempts to draw between the facts of *Padilla* and this case is meaningless.  Dene indicated that it was his understanding that the Government was going to seek the death penalty against Mr. Caro after the instant case had been resolved.  (ECF No. 189-1 at 2, ¶4.) Given that he knew that the Government intended to seek death as a penalty for the Sandoval homicide—regardless of whether the prosecution would get approval by the Attorney General (ECF No. 209 at 8)—he was obligated to inform his client of this serious consequence. Dene, however, failed to do this.

Finally, the Government defends Dene's actions by repeatedly stating that Mr. Caro "directed" Dene to work to obtain the plea agreement.  (ECF No. 209 at 7, 10, 11.)  But neither Dene's declaration nor Mr. Caro's 2255 Motion states that Mr. Caro *directed* his attorney to do this.  Moreover, even if Mr. Caro directed his attorney to work out a plea agreement to benefit Moreno-Marquez, such a directive

---

[1] The Government further misconstrues Mr. Caro's argument by claiming that Mr. Caro appears to contend "that Dene's speculative declaration alone was sufficient to meet [*Padilla*'s] 'high bar.'" (ECF No. 209 at 10.)  The problem, however, with the Government's argument is that the Court dismissed the case *on the pleadings*, which necessarily meant that the Court was required to construe the allegations as true—as even the Court itself recognized. (ECF No. 202 at 10.)

*does not* relieve Dene of his duty to advise his client of the severe consequences that would result from a guilty plea.  Indeed, Dene specifically stated, "I did not advise [Mr. Caro] of the implications that the plea agreement would have on the prison killing case. I did not advise Mr. Caro that the Conspiracy to Commit Murder conviction would likely be used against him in a later capital case and that he should not sign the plea agreement." (ECF No. 189-1 at 3-4, ¶6.)   The Government plainly ignores this fact and instead spends the majority of the response demonstrating why this does not matter.  But the failure to inform Mr. Caro of the collateral consequences is exactly what does matter.[2]

## II.   The Court clearly erred in its analysis of the case against Mr. Caro.

The Government's response to Mr. Caro's second argument in support of reconsideration further supports his motion.  The Government recognizes that there were "inherent and obvious issues involved in trying a case with an uncooperative victim and unclear videos."  (ECF No. 209 at 11.)   This statement refutes the Court's finding that Dene believed it was a "foregone conclusion" that Mr. Caro would be convicted.  (ECF No 202 at 12.)   Indeed, the Government's response ignores that Benevidez received only superficial wounds such that, even if Caro did commit a crime, he was more likely guilty of conspiracy to assault and *not* conspiracy to murder.  This is a factual issue which should not have been resolved by a motion to dismiss on the pleadings.   Moreover, the Government merely states (without factual support) that Mr. Caro understood the strength of the Government's case—a statement that does not address that the Court erred by ignoring Mr. Caro's possible trial defense.  The Government did not address the remainder of the argument made in section B of Mr. Caro's motion, and this Court

---

[2] Although the Government chides Mr. Caro for not submitting his own declaration, there is no requirement that a defendant is required to support a 2255 Motion with a personal declaration. Indeed, in a case such as this one where the defendant's attorney has provided one, the need for one from Mr. Caro seems redundant.

should reconsider its decision.

### III.    The Court should, at minimum, issue a certificate of appealablity.

In support of its opposition to the issuance of a COA, the Government argues that Dene was not ineffective because "Caro made the 'conscious decision to accept both the benefits and burdens of [the linked plea bargain]." (ECF No. 209 at 13) (alteration in original). But that argument ignores entirely the claim made by Mr. Caro.  There was not a "conscious decision" to accept the burdens of the plea agreement because Dene failed to inform his client of the most critical burden—that a conviction for conspiracy to murder would be used to support a sentence of death. The Court dismissed this case on the pleadings.  The Government's fact-based response also shows that, at minimum, reasonable jurists could debate whether the pleadings were sufficient to allow further discovery and evidentiary development to support Mr. Caro's claim of ineffective assistance of counsel.[3]

For these reasons and for the reasons set forth in the motion, this Court should alter or amend its judgment.

Respectfully submitted this 16th day of July, 2015.

<div style="margin-left:40%">

s/Robin C. Konrad

Jon M. Sands
Federal Public Defender
Robin C. Konrad (Alabama Bar No. 2194-N76K)
Office of the Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona  85007
robin_konrad@fd.org
Telephone:  602-382-2816
Facsimile:  602-889-3960

</div>

---

[3] The Government also argues that the claim is time barred. (ECF No. 209 at 13-14.) This argument is improper because the Court did not reach its decision on this basis and it was not raised in Mr. Caro's motion.

4

Fay F. Spence (Virginia Bar No. 27906)
Federal Public Defender's Office
210 First Street, SW, Suite 400
Roanoke, Virginia 24011
fay_spence@fd.org
Telephone:  540-777-0880
Facsimile:  540-777-0890

Brian J. Beck (Virginia Bar No. 78049)
Federal Public Defender's Office
201 Abingdon Place
Abingdon, Virginia 24211
brian_beck@fd.org
Telephone:  276-619-6080
Facsimile:   276-619-6090

Attorneys for Defendant
Carlos David Caro

**Certificate of Service**

I hereby certify that on July 16, 2015, I electronically filed the foregoing Reply to Response to Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) with the Clerk's Office by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Teresa Ardrey
Legal Assistant
Capital Habeas Unit