**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON  DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:03CR10115 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CARLOS DAVID CARO,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Rick A. Mountcastle, Assistant United States Attorney, and Lily Jenkins, Third Year Law Student Admitted to Practice, Roanoke, Virginia, for United States.  Jon M. Sands, Federal Public Defender, and Robin C. Konrad, Assistant Federal Public Defender, Phoenix, Arizona, and Fay F. Spence and Brian J. Beck, Assistant Federal Public Defenders, Roanoke and Abingdon, Virginia, for Defendant.*

Defendant Carlos Caro filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging that ineffective assistance of counsel caused him to enter an invalid guilty plea.  I denied the § 2255 motion. *United States v. Caro*, No. 2:03CR10115, 2015 WL 1964493 (W.D. Va. May 4, 2015).  Caro has now timely filed a Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e).  The motion to alter or amend has been fully briefed.

"A Rule 59(e) motion may only be granted in three situations:  (1) to accommodate an intervening change in controlling law; (2) to account for new

evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks and citation omitted). "It is an extraordinary remedy that should be applied sparingly." *Id.*

Here, the defendant relies on the third ground. The Supreme Court has stated that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [court] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.,* 508 U.S. 602, 622 (1993) (citation omitted). "[M]ere disagreement does not support a Rule 59(e) motion," and a judgment that is "factually supported and legally justified" is not clearly erroneous. *Hutchinson v. Staton,* 994 F.2d 1076, 1081-82 (4th Cir. 1993).

The facts of this case are set forth in detail in my earlier opinion, and I will not repeat them here. In his present motion, Caro argues that I erred by failing to consider whether it would have been rational for him to reject a plea bargain had he known that the government might use his guilty plea against him in seeking the death penalty in another case. He further contends that I failed to consider an available avenue of defense and erred in concluding that had he gone to trial, Caro inevitably would have received a lengthy sentence that would have been used against him in his capital case. Finally, Caro asserts that I erred in denying him a

certificate of appealability.

I have reviewed and considered all of the evidence and arguments submitted by the defendant in support of the § 2255 motion and the motion to alter or amend the judgment.  I am unconvinced that the judgment is clearly erroneous, and I find that none of the circumstances justifying a motion to alter or amend a court's judgment are present in this case.  Accordingly, it is **ORDERED** that the Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 205) is DENIED.

ENTER:   November 6, 2015

/s/  James P. Jones
United States District Judge